IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA "MANDY" THORN-FREEMAN,

     Plaintiff,

vs.                  No. 20-CV-448-JAP-GJF

JOSE R. VALDEZ,
in his individual capacity,

     Defendant.

## OPPOSED MOTION TO INTERVENE

COMES NOW the State of New Mexico Risk Management Division ("RMD"), by its undersigned counsel, pursuant to Fed.R.Civ.P. 24, and respectfully moves the Court to allow RMD to intervene in this action and file a Complaint-in-Intervention, and thereby appear and be heard on the substantive issues raised therein.
A copy of the proposed pleading is attached hereto as Exhibit A.

Roger I. Smith, Esq., counsel for Plaintiffs, opposes this motion. Douglas Gardner, Esq., counsel for Defendant Valdez, does not oppose the motion to file the complaint-in-intervention, due to the prior New Mexico court rulings on the issue, but will oppose the relief sought by the complaint-in-intervention.

THE GROUNDS FOR THIS MOTION are as follows:

1. On March 31, 2020, Plaintiff Amanda Thorn-Freeman ("Plaintiff") filed a Complaint for Civil Rights Violations and Claims Under the New Mexico Tort Claims Act ("Complaint") [Doc. 1-1]), against the individual Defendants Jose R. Valdez and Roberta Lucero-Ortega in their individual capacities, and against the New Mexico Department of Corrections. After service, Defendants removed the action to the United States District Court

for the District of New Mexico, on May 11, 2020.

2.    The gist of Plaintiff's Complaint is that while housed in the Western New Mexico Correctional Facility in Grants, New Mexico ("WNMCF") as an inmate, Plaintiff was sexually assaulted by Corrections Officer Jose R. Valdez.  See Complaint, ¶¶ 11-17.

3.    In her Complaint [Doc. 1-1], Plaintiff alleged that at all material times, Defendant Valdez was employed by the State of New Mexico as a Corrections Officer at WNMCF, that he acted under color of state law, and that he acted within the course and scope of his employment as a Corrections Officer.  See Complaint at ¶ 2.

4.    In her Complaint, Plaintiff has asserted claims for relief against Defendant Valdez under the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, and sought compensatory and punitive damages, costs and attorney's fees.  See Count I.

5.    In her Complaint, Plaintiff also asserted claims for relief against Defendant Lucero-Ortega, under § 1983 (Count II) and against Defendant New Mexico Corrections Department under the New Mexico Tort Claims Act (Count III).  However, the Court dismissed Count II and Count III by Memorandum Opinion and Order entered on September 4, 2020.  See Doc. 17.

6.    WNMCF is part of the New Mexico Corrections Department and, as such, is a "governmental entity" of the State of New Mexico and subject to sovereign immunity, and the duties and obligations set forth in the New Mexico Tort Claims Act.  See NMSA 1978, §§ 41-4-3(B), 41-4-3(H), 41-4-4(A).  Such duties include the duty

to pay any judgment and/or settlement of claims based on the commission of a tort or any violation of 42 U.S.C. § 1983 by a "public employee" of the WNMCF while acting within the scope of duty and/or under color of state law. See NMSA 1978, § 41-4-4(D).

7.   The New Mexico Tort Claims Act waives sovereign immunity only as to acts committed by a public employee while acting within the scope of his or her duty, which the sovereign legislature of the State of New Mexico, in waiving its immunity, has defined to mean "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." See NMSA 1978, § 41-4-3(G).

8.   By statute, RMD must cover, and does in fact cover, the potential liability for torts and civil rights violations committed by "public employees" of "governmental entities" described in paragraphs 5-6 above. See §§ 41-4-20(A)(2), 41-4-23 NMSA 1978.

9.   The material acts and omissions allegedly committed by Defendant Valdez against Plaintiff, if in fact such acts occurred, arguably were outside the course and scope of his employment and outside the scope of his duties, within the definition and the meaning of the New Mexico Tort Claims Act. If a jury were to so find, RMD would not have an obligation to pay any settlement and/or final judgment that might in the future be entered against Defendant Valdez for such acts. See NMSA 1978, § 41-4-4; see, i.e., Soto v. Galvan, Order (Doc. 89), No. 06-CV-738-WFD/LFG (D.N.M 2008)(no obligation to indemnify under Tort Claims Act).

10.    RMD wishes to argue the position that is summarized in paragraph 9 above, to wit: that RMD and the State of New Mexico do not have an obligation to pay any settlement or final judgment that might in the future be entered against Defendant Valdez for the acts alleged in the Complaint, if a jury ultimately finds that such acts did, in fact, occur.

11.    Under the circumstances, RMD claims an interest related to the transaction that is the subject of the instant action and is so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest, and no other party has the ability to assert the claim which RMD wishes to make. Plaintiff's and Defendant Valdez's interests are to the contrary, to wit: to argue that his acts were within his scope of duties, and that RMD must pay any judgment entered against him.  Thus, RMD has a right to intervene herein.  See Fed.R.Civ.P. 24(a)(2); see Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior, 100 F.3d 837, 840 (10th Cir. 1999); Soto v. Galvan, Cause No. 06-CV-738, Memorandum Opinion and Order Granting RMD's Motion to Intervene (Doc. 38), filed April 12, 2007; Morgan v. Carrejo, No. 12-CV-583, Memorandum Opinion and Order Granting Motion to Intervene by RMD (Doc. 50), filed May 28, 2013; Ortiz v. State of New Mexico, No. 18-CV-28, Order Granting Motion to Intervene, filed September 13, 2019 (Doc. 75); Rosales v. Bradshaw, No. 20-CV-751, Minute Order reflecting Court's ruling granting County's Motion to Intervene, filed September 8, 2020 (Doc. 24).

12.   The right to intervene under the circumstances here presented has been decided by the District Court for the District of New Mexico, and has been consistent in permitting intervention. See <u>Soto v. Galvan</u>, <u>supra</u>; <u>Morgan v. Carrejo</u>, <u>supra</u>; <u>Ortiz v. State of New Mexico</u>, <u>supra</u>; <u>Rosales v. Bradshaw</u>, <u>supra</u>.

13.   Alternatively, RMD has a claim, summarized above, that shares with the main action a common question of law or fact; indeed, the facts that are material to RMD's claim are identical to many of the facts material to Plaintiff's substantive claims and, on information and belief, to some of the Defendant's defenses; and the law applicable to Plaintiff's claims for relief, too, shares a substantial nucleus of commonality.   See <u>Fed.R.Civ.P. 24(b)(1)(B)</u> (permissive intervention).

14.   The instant action is in its early stages, with no scheduling order having ben entered; thus, there will be no substantial delay in the case or prejudice to the existing parties if the Court allows the proposed intervention.   In contrast, however, RMD will be prejudiced if not allowed to intervene herein, since the Court and/or jury may determine material facts that may become binding on RMD notwithstanding its lack of participation, based on collateral estoppel.   Moreover, judicial economy as well as the economy of the resources of the parties militate in favor of the proposed intervention, in order that the material facts can be discovered, litigated and adjudicated with finality just once.

15.   Under the circumstances, an actual controversy exists between RMD and Plaintiff and Defendant that is cognizable under

the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the New Mexico Declaratory Judgment Act, and that is within the supplemental jurisdiction of the United States District Court.

WHEREFORE, for the reasons set forth herein, RMD respectfully requests the Court to grant the motion and enter an order allowing RMD to file its Complaint-in-Intervention (Exhibit A) and to thereafter appear in this action regarding the scope-of-duty issue.

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

**By:** **/s/ Michael Dickman**
**MICHAEL DICKMAN**
Post Office Box 549
Santa Fe, New Mexico 87504
505-989-9360
mikedickman@yahoo.com
**Attorney for**
**State of New Mexico**
**Risk Management Division**

## CERTIFICATE OF SERVICE

I certify that I caused copies of this motion
to be electronically served on
all counsel of record
at their respective email addresses as registered on CM/ECF
on the date of filing hereof

**/s/ Michael Dickman**
**MICHAEL DICKMAN**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA "MANDY" THORN-FREEMAN,

     Plaintiff,

vs.                                No. 20-CV-448-JAP-GJF

JOSE R. VALDEZ,
in his individual capacity,

     Defendant, and

STATE OF NEW MEXICO
RISK MANAGEMENT DIVISION,

     Intervenor,

vs.

JOSE R. VALDEZ,

     Defendant-in-Intervention.

## COMPLAINT-IN-INTERVENTION

COMES NOW the State of New Mexico Risk Management Division ("RMD"), by its undersigned counsel, pursuant to Fed.R.Civ.P. 57 and 28 U.S.C. § 2201, and pleads its complaint as follows:

1.    On March 31, 2020, Plaintiff Amanda Thorn-Freeman ("Plaintiff") filed a Complaint for Civil Rights Violations and Claims Under the New Mexico Tort Claims Act ("Complaint") [Doc. 1-1]), against Defendant Jose R. Valdez ("Defendant") and other defendants.  On September 4, 2020, the Court dismissed with prejudice all claims against all of the other defendants.  <u>See</u> Memorandum Opinion and Order [Doc. 17].

2.    RMD hereby adopts and incorporates by reference the allegations in the Complaint as an integral part of this pleading.

3.    The gist of Plaintiff's Complaint is that while housed in



EXHIBIT
A

the Western New Mexico Correctional Facility in Grants, New Mexico ("WNMCF") as an inmate, Plaintiff was sexually assaulted by Corrections Officer Jose R. Valdez ("Defendant"). <u>See</u> Complaint [Doc. 1-1], at ¶¶ 11-17.

4.   In her Complaint, Plaintiff alleged that at all material times, Defendant Valdez was employed by the State of New Mexico as a Corrections Officer at WNMCF, that he acted under color of state law, and that he acted within the course and scope of his employment as a Corrections Officer. <u>See</u> Complaint at ¶ 2.

5.   In her Complaint, Plaintiff has asserted claims for relief against Defendant Valdez under the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983, and sought compensatory and punitive damages, costs and attorney's fees. <u>See</u> Complaint, Count I.

6.   WNMCF is part of the New Mexico Corrections Department and, as such, is a "governmental entity" of the State of New Mexico and subject to sovereign immunity, and the duties and obligations set forth in the New Mexico Tort Claims Act. <u>See</u> NMSA 1978, §§ 41-4-3(B), 41-4-3(H), 41-4-4(A). Such duties include the duty to pay any judgment and/or settlement of claims based on the commission of a tort or any violation of 42 U.S.C. § 1983 by a "public employee" of the WNMCF while acting within the scope of duty and/or under color of state law. <u>See</u> NMSA 1978, § 41-4-4(D).

7.   The New Mexico Tort Claims Act waives sovereign immunity only as to acts committed by a public employee while acting within the scope of his or her duty, which the sovereign legislature of

the State of New Mexico, in waiving its immunity, has defined to mean "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." See NMSA 1978, § 41-4-3(G).

8.   By statute, RMD must cover, and does in fact cover, the potential liability for torts and civil rights violations committed by "public employees" of "governmental entities" described in paragraphs 6-7 above.  See §§ 41-4-20(A)(2), 41-4-23 NMSA 1978.

9.   Notwithstanding Plaintiff's allegation that Defendant's alleged sexual assaults were within the course and scope of his employment as a Corrections Officer and under color of state law (see Complaint at ¶ 2) the material acts and omissions allegedly committed by the Defendant against the Plaintiff, if such acts did, in fact, occur, were committed outside the scope of his duties, within the definition of the New Mexico Tort Claims Act.

10.   Therefore, RMD and the State of New Mexico do not have a duty or obligation to pay any final judgment that might in the future be entered against Defendant Valdez for such acts.  See NMSA 1978, § 41-4-4; see, i.e., Soto v. Galvan, Order (Doc. 89), No. 06-CV-738-WFD/LFG (D.N.M 2008)(RMD has no obligation to indemnify under Tort Claims Act).

11.   In addition, there was no sufficient, real nexus between Defendant's exercise of authority and the material acts allegedly committed by him against Plaintiff, if in fact the acts occurred, such that his conduct may be fairly attributable to RMD or the

State of New Mexico for purposes of 42 U.S.C. § 1983; instead, Defendant Valdez's acts as alleged by Plaintiff constitute purely private conduct that is not actionable under Section 1983.  See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981); Jojola v. Chavez, 55 F.3d 488 (10th Cir. 1995).

12.   Notwithstanding Plaintiff's allegations in his Complaint, the acts and omissions allegedly committed by Defendant, if in fact they occurred, were not committed under color of state law.

13.   Under the circumstances, an actual controversy exists between RMD and Plaintiff and Defendant that is cognizable under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the New Mexico Declaratory Judgment Act, and that is within the supplemental jurisdiction of the United States District Court.

14.   Under the circumstances, Plaintiff, who has an interest in the collection of any final money judgment that he ultimately may obtain against Defendant, is a real party in interest and thus is entitled to participate in the litigation of the issues raised in this Complaint-in-Intervention.

WHEREFORE, for the reasons set forth herein, RMD respectfully requests the Court to enter judgment in its favor as follows:

a.   Enter a declaratory judgment finding and concluding that if, in fact, the material acts alleged by Plaintiff against Defendant Jose R. Valdez occurred, as determined by the factfinder, then Defendant was not acting within the scope of his duties as defined by the New Mexico Tort Claims Act, to wit: that they were not duties that the New Mexico Corrections Department requested,

-4-

required or authorized Defendant Valdez to perform (<u>see</u> NMSA 1978, § 41-4-3(G)), and/or that Defendant Valdez was not acting under color of state law, and that RMD and the State of New Mexico therefore are not liable to pay any judgment entered against Defendant Valdez in the future that is founded upon such acts; and

   b.   Grant RMD such other relief as the Court may deem fair, just and proper under the circumstances.

                              Respectfully submitted,

                              **LAW OFFICE OF MICHAEL DICKMAN**

                              **By:** _____
                                   **MICHAEL DICKMAN**
                              Post Office Box 549
                              Santa Fe, New Mexico 87504
                              505-989-9360
                              mikedickman@yahoo.com
                              **Attorney for**
                              **Plaintiff-in-Intervention**
                              **State of New Mexico**
                              **Risk Management Division**