UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AMANDA THORN-FREEMAN,

    Plaintiff,

v.                                                          Civ. No. 20-448 JAP/GJF

JOSE R. VALDEZ, *et al*.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On October 13, 2020, the New Mexico Risk Management Division ("RMD") filed an OPPOSED MOTION TO INTERVENE (Doc. 19) ("MTI").[1] RMD seeks declaratory judgment on the issue of whether Defendant Valdez was acting within the scope of his duty. Plaintiff opposes the MTI on its merits. Defendant Valdez, who is the sole remaining Defendant, did not respond to the MTI and does not contest RMD's right to intervene. However, Defendant Valdez opposes the relief sought by the proffered Complaint-in-Intervention (Declaratory Judgment that Defendant Valdez was not acting within the scope of his duty). After careful consideration of the pertinent law and the parties' briefing, the Court will grant the Motion.

### I. BACKGROUND

On March 31, 2020, Plaintiff filed a three-count state court COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND CLAIMS UNDER THE NEW MEXICO TORT CLAIMS ACT (Doc. 1-1). On May 11, 2020, Defendants Roberta Lucero-Ortega and New Mexico Department of Corrections removed and, shortly after, filed a MOTION TO DISMISS COMPLAINT BASED

---

[1] The Motion is fully briefed. *See* RESPONSE TO OPPOSED MOTION TO INTERVENE (Doc. 26); REPLY IN SUPPORT OF OPPOSED MOTION TO INTERVENE (Doc. 28).

1

IN PART ON QUALIFIED IMMUNITY (Doc. 3).  On September 4, 2020, the Court granted that motion and dismissed with prejudice all claims against Defendants Lucero-Ortega and the New Mexico Department of Corrections, leaving only two claims against Defendant Valdez: Eighth Amendment violation under Section 1983 (Count I) and a state tort claim under the New Mexico Tort Claims Act ("NMTCA") (Count III).  *See* Doc. 17.

In support of these two remaining claims, Plaintiff alleges that while she was incarcerated at the Western New Mexico Correctional Facility ("WNMCF"), Defendant Valdez (1) "grabbed his genitals over his pants" in front of Plaintiff, (2) forced Plaintiff's hand to touch his clothed genital area while he "brushed against her breasts," (3) digitally penetrated her vagina, (4) "escorted [Plaintiff] to the broom closet where she had to get cleaning implements" and while inside grabbed Plaintiff's hand, placed it on his clothed genitals, and touched her chest area, and (5) tried to kiss Plaintiff in her cell but she resisted.  Compl. ¶¶ 12–17.  Plaintiff further alleges that Defendant Valdez "was at all material times a corrections officer at WNMCF" and "was acting within the course and scope of his employment as a corrections officer under color of state law."  *Id*. ¶ 2.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 24, a nonparty seeking to intervene has two options: Rule 24(a) intervention as of right and Rule 24(b) permissive intervention.  Under Rule 24(a)(2), a nonparty seeking to intervene as of right must establish: (1) timeliness; (2) an interest relating to the property or transaction that is the subject of the action; (3) the potential impairment of that interest; and (4) inadequate representation by existing parties.  *Kane Cty., Utah v. United States*, 928 F.3d 877, 889 (10th Cir. 2019) (citing *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017)); *see also* Fed. R. Civ. P. 24(a)(2) (same).

2

Alternatively, permissive intervention under Rule 24(b) rests in the discretion of the trial court. Therefore, a court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion to permit a party to intervene, however, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1074 (10th Cir. 2015) (quoting Fed. R. Civ. P. 24(b)(3)).

The Tenth Circuit takes a "liberal approach to intervention and thus favors the granting of motions to intervene." *Zinke*, 877 F.3d at 1164 (citing *Coal. of Ariz./N.M. Ctys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)).

### III.    PARTIES' ARGUMENTS

RMD argues that, under the NMTCA, sovereign immunity does not apply to "acts committed by a public employee while acting within the scope of his or her duty, which the sovereign legislature . . . has defined to mean 'performing any duties that a public employee is requested, required or authorized to perform by the governmental entity regardless of the time and place of performance.'" MTI ¶ 7 (quoting N.M. Stat. Ann. § 41–4–3(G)). According to RMD, it has an affirmative obligation under the NMTCA to cover "the potential liability for torts and civil rights violations committed by 'public employees' of 'governmental entities'" of the State of New Mexico. *Id*. ¶ 8 (quoting N.M. Stat. Ann. § 41–4–20(A)(2)). Therefore, RMD seeks intervention to challenge whether Defendant Valdez was indeed acting within the scope of his duty, i.e., "to argue . . . that RMD and the State of New Mexico do not have an obligation to pay any settlement or final judgment that might in the future be entered against Defendant Valdez for the acts alleged in the Complaint, if a jury ultimately finds that such acts did, in fact, occur." *Id*. ¶ 10.

In Response, Plaintiff maintains that intervention is inappropriate because the Complaint-in-Intervention fails to state a plausible claim for relief under New Mexico law. Specifically, Plaintiff asserts that the Complaint-in-Intervention only focuses on the acts that give rise to the instant claim and not Defendant Valdez's duties as a corrections officer. *See* Resp., *passim*. Plaintiff argues that Rule 24(c), which states that a motion to intervene must be accompanied by a pleading that sets out the claim or defense for which intervention is sought, "[o]bviously . . . exists so that the Court can determine from the pleading whether the claim is viable." *Id*. at 3 (quoting Fed. R. Civ. P. 24(c)). Put simply, Plaintiff argues that Rule 24(c) requires a court to test the sufficiently of the proffered pleading under Rule 12(b)(6). Alternatively, Plaintiff contends that the MTI must be denied because it fails to establish a nexus between Defendant Valdez's duties and the alleged assault. *Id.*, *passim*.

## IV. ANALYSIS

At the outset, the Court will reject Plaintiff's invitation to test the proffered Complaint-in-Intervention under the plausibility standard of Rule 12(b)(6). First, Plaintiff fails to direct the Court to authority supporting this proposition. Second, upon the Court's own review of Rule 24(c) and relevant Tenth Circuit authority, it concludes that there is no such "obvious" requirement that the proffered pleading must survive a *sua sponte* application of *Twombly*/*Iqbal*. Indeed, Rule 24(c) is merely a procedural requirement that several circuits disregard. *See Barnes v. Harris*, 783 F.3d 1185, 1190 (10th Cir. 2015) ("A majority of circuits to have considered the issue have held that noncompliance with Fed. R. Civ. P. 24(c), which requires that a motion to intervene be accompanied by a pleading, may be excused in some circumstances." citing *Providence Baptist Church v. Hillandale Comm., Ltd.,* 425 F.3d 309, 313–14 (6th Cir.2005)). Thus, the Court will address only what matters here, whether RMD meets the requirements of Rule 24(a) or (b).

### A. Intervention as of Right

#### 1. Timeliness

The Court notes that Plaintiff does not challenge the timeliness of RMD's MTI; Plaintiff's Response is completely silent on this element. Furthermore, the Court observes that RMD filed its MTI approximately one month after this Court dismissed with prejudice Plaintiff's claims against Defendants Lucero-Ortega and New Mexico Department of Corrections, which was well before discovery commenced, before a pretrial schedule was imposed, and before any meaningful hearings were held. Consequently, irrespective of Plaintiff's silence, the Court finds the MTI timely as a matter of law.

#### 2. RMD has an interest that could be adversely affected[2]

Next, "[w]hether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, and the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (quoting *Kane Cty.*, 928 F.3d at 889). The interest claimed in the litigation must be "direct, substantial, and legally protectable." *Id.* But the "threshold for finding the requisite legally protectable interest is not high." *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 246 (D.N.M. 2008).

RMD's interest in this litigation emanates directly from the NMTCA. Generally, under the NMTCA a "governmental entity and any public employee while acting within the scope of

---

[2] Because of the close inter-relationship between the elements of whether RMD has an interest in the "property or transaction that is the subject of the action" and whether that interest would be impaired, the Court will address them together.

duty are granted immunity from liability for any tort." N.M. Stat. Ann. § 41–4–4(A). But when a plaintiff alleges that an employee committed certain enumerated torts or violated the plaintiff's constitutional rights, the governmental entity has an affirmative obligation to provide a defense, pay any award for punitive and exemplary damages, and pay any settlement or final judgment entered against a public employee when liability is sought/imposed for any tort alleged to have been committed by the public employee while acting within the scope of his duty. *Id*. §§ 41–4–4(B)–(D); *see Loya v. Gutierrez*, 350 P.3d 1155 (N.M. 2015) (governmental entity required to provide state employee a defense and indemnity for liability under § 1983, even where there is no corresponding waiver under the New Mexico Tort Claims Act). In turn, RMD administers a "public liability fund" to cover state governmental entities—either via direct disbursement or through the purchase of liability insurance—for risks for which sovereign immunity has been waived. *Id*. §§ 41–4–20(A)(2), 41–4–23, *et seq*.

In the Tenth Circuit, "an economic interest can support intervention, though, of course, practical judgment must be applied in determining whether the strength of the interest and the potential risk of injury to that interest justify intervention." *Statewide Masonry v. Anderson*, 511 F. App'x 801, 805 (10th Cir. 2013) (unpublished) (internal citations and quotations omitted); *see also Sec. Life of Denver Ins. Co.*, 945 F.3d at 1122 (concluding that intervenor had "a financial interest in the proceeding that [was] sufficient to satisfy the minimal burden we have imposed for intervention as of right"); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("Furthermore, the Tenth Circuit has deemed the mere threat of economic injury to be sufficient for granting intervention."); *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1203 (10th Cir. 2007) ("Although the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome

of the litigation."). Here, practical judgment dictates that RMD has a direct economic interest in this case. The NMTCA imposes an affirmative obligation on RMD to defend and indemnify public employees for any tort alleged to have been committed while acting within the scope of their duty. Both Plaintiff and Defendant Valdez assert that, if the alleged sexual assaults did occur, Defendant Valdez was acting within the scope of his duty. *See* Comp. ¶ 2; *see also* DEFENDANT JOSE R. VALDEZ'S ANSWER TO PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND CLAIMS UNDER THE NEW MEXICO TORT CLAIMS ACT ("Valdez Answer") (Doc. 9) ¶ 2. Thus, RMD's obligation to indemnify is not merely speculative but sufficiently direct to warrant intervention. Moreover, RMD's interest is further solidified given that it administers New Mexico's public liability fund, i.e., the statutorily created trust that would be used to satisfy any judgment or settlement in this case if Defendant Valdez is found to have acted within the scope of his duty. Consequently, because RMD has a statutory obligation to indemnify, it easily satisfies the minimal burden of showing the potential for impairment of its interest, specifically its concern for safeguarding state assets from the preclusive effect of a judgment.

### 3. Defendant Valdez and RMD's interest diverge

Finally, to intervene as of right RMD "must show that existing parties may not adequately represent its interest. This burden is 'minimal,' and 'it is enough to show that the representation 'may be' inadequate.'" *Kane Cty.*, 928 F.3d at 892 (quoting *Nat. Res. Def. Council v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)). Indeed, "[t]he possibility of divergence need not be great in order to satisfy th[is] burden. An intervenor need only show the *possibility* of inadequate representation. Only when the objective of the applicant for intervention is identical to that of one of the parties is representation considered to be adequate." *Sec. Life of*

*Denver Ins. Co.*, 945 F.3d at 1124 (emphasis in original) (internal quotation marks and citations omitted).

Plaintiff argues here that "if Defendant Valdez was not acting under color of state law, Plaintiff's claim under § 1983 fails, and there is no judgment under that claim for RMD to pay." Resp. 7.  Plaintiff further elaborates that "Defendant Valdez is represented by counsel (likely hired by the same entity that hired counsel for RMD) and is perfectly able to raise any argument regarding "color of state law' that RMD can raise." *Id*.  For its part, RMD believes that this argument "borders on the ridiculous" because "Defendant Valdez would have to take the position that his conduct was criminal." Reply 5. [3]  The Court agrees with RMD.

Plaintiff and Defendant Valdez clearly intend to argue that the alleged sexual assault occurred within the scope of Defendant Valdez's duty. Tellingly, Plaintiff alleges that Defendant Valdez acted within the course and scope of his employment, *see* Compl. ¶ 2, and Defendant Valdez agrees. *See* Valdez Answer ¶ 2; *see also* MTI at 1 (Defendant Valdez opposes declaratory judgment on the scope of duty issue).  This posturing makes sense given that such a finding opens the door for both parties to enjoy financial security; Defendant would be indemnified by RMD and Plaintiff would avoid securing an uncollectable judgment against a potentially insolvent party.[4] Thus, RMD's and the parties' interests in this litigation diverge enough to satisfy "the 'minimal'

---

[3] Although Defendant Valdez is facing felony charges that stem from the alleged sexual assaults, *see* Doc. 23 (Clerk's Minutes for 10/21/20 Rule 16 Conference), the Court will not speculate whether the criminal matter itself creates a possible divergence between Defendant Valdez and RMD's interest.

[4] *See Morgan v. Carrejo*, 2013 WL 12330025, at *4 (D.N.M. May 28, 2013) ("It is clear that neither existing party intends to take up RMD's position on the 'scope of duty issue.'  In fact, both parties have an interest in arguing just the opposite—that the alleged sexual assaults were carried out within the scope of Defendant Carrejo's duty. Defendant looks to RMD to provide a defense and to pay any future settlement or judgment, and Plaintiff has an interest in having a future judgment paid out of state coffers rather than risk having to contend with Defendant's discharge in bankruptcy.").

burden of establishing a 'possibility' that [RMD's] interests will not be adequately represented." *Sec. Life of Denver Ins. Co.*, 945 F.3d at 1125.

### B. Permissive Intervention

The Court further concludes that RMD satisfies the requirements for permissive intervention. As stated above, this Court may permit RMD to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). But "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Tri-State Generation & Transmission Ass'n, Inc.*, 787 F.3d at 1074 (quoting Fed. R. Civ. P. 24(b)(3)).

In opposing permissive intervention, Plaintiff maintains that granting RMD's request will result in "extensive motion practice by the original parties, including likely Motions to Dismiss pursuant to Rule 12(b)(6), and potentially summary judgment motions." Resp. 7. Plaintiff further believes that allowing intervention "will delay and hamper the current litigation where there is no substantial or legally protectable claim by RMD under current New Mexico case law." *Id*. RMD's response strikes a similar chord: "Any motion to dismiss based on Plaintiff's arguments [advanced against RMD in her Response to the MTI] would almost certainly fail, based on New Mexico law." Reply 4 (citing cases). RMD also asserts that "[a]ny delay caused by the adjudication of such a frivolous motion would be wholly attributable to Plaintiff herself." *Id*.

As a threshold matter, RMD's Complaint-in-Intervention shares a common question of law or fact. Plaintiff alleges that Defendant Valdez acted within the course and scope of his employment. The Complaint-in-Intervention seeks declaratory judgment on that very question because, if Defendant Valdez did commit the acts alleged in the Complaint and did so while acting within the scope of his duties, RMD is required to defend and indemnify him under § 41–4–4 of

the NMTCA. Thus, the scope of duty issue is not only relevant but common to both Plaintiff's Complaint and RMD's Complaint-in-Intervention.

Now, turning to Plaintiff's position that allowing RMD to intervene would lead to unnecessary motion practice. Aside from this argument being generic and applicable to almost all instances when a party seeks intervention, on balance, the Court is unpersuaded that the speculation of additional briefing would subject the parties to undue delay or prejudice. Indeed, as discussed above, this case is in the early stages of discovery, there are no pending motions aside from the instant MTI, and RMD represents that no additional discovery would be needed. *See Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1075 (10th Cir. 2015) (upholding district court's denial of permissive intervention where intervention would burden the parties with additional discovery); *see also* Doc. 23 (RMD's counsel "noted that, if RMD were added as a party, no additional discovery would be necessary."). Lastly, neither party represents RMD's interest in the litigation and allowing it to intervene will only contribute to the factual development of the scope of duty issue. *See Tri-State Generation & Transmission Ass'n, Inc.*, 787 F.3d at 1075 (rejecting argument that district court cannot consider adequate representation under Rule 24(b) (citing *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996))).[5] Accordingly, permissive intervention is also appropriate here.

---

[5] As already stated by another court, "regardless of whether parties intend to litigate the issue, it will have to be determined at some point, and the Court would prefer to have some briefing on the matter, rather than decide it in a vacuum." *Morgan*, 2013 WL 12330025, at *4.

## V.  CONCLUSION[6]

IT IS ORDERED that RMD's OPPOSED MOTION TO INTERVENE (Doc. 19) is GRANTED and that RMD must file the Complaint-in-Intervention (MTI, Ex. A) not later than December 9, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] Allowing RMD to intervene accords with several decisions within this District, where intervention has been allowed under similar if not identical circumstances.  See Rosales v. Bradshaw, No. 20-cv-751, Doc. 24 (Minute Order allowing the Board of County Commissioners of Chaves County to intervene to assert the defendant was not acting within scope of duty); Ortiz v. State of New Mexico, No. 18-cv-28, Doc. 75 (granting RMD's motion to intervene as of right); Morgan, 2013 WL 12330025 (same); Soto v. Galvan, No. CV 06-738 WFD/LFG, 2007 WL 9734042, at *2 (D.N.M. Apr. 12, 2007) (same); see also Romero v. Bradford, No. 08-CV-1055 MCA/LFG, 2009 WL 10708255, at *6 (D.N.M. Apr. 13, 2009) ("APS here being in a position similar to that occupied by Risk Management in Soto, this Court finds Judge Garcia's reasoning as to the "interest" and "impairment" requirements persuasive, and applicable here. The Court accordingly concludes that APS has satisfied those two requirements.").